FILED
2019 Sep-04 AM 10:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY PARKS ALLEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW M. SAUL, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Case No. 2:18-cv-1038-GMB |

## **MEMORANDUM OPINION AND ORDER**

The plaintiff, Kimberly Parks Allen, appeals from the decision of the Commissioner[1] of the Social Security Administration ("Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI"). Allen timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The parties have consented to the full dispositive jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 626(c). Doc. 10.

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 5, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Saul is substituted for Nancy Berryhill as the proper defendant in this case.

1

Allen was 47 years old at the time of the decision of the Administrative Law Judge ("ALJ"), and she has at least a high school education. Tr. at 27–28 & 211. Her past work experience is as a bus operator. Tr. at 27 & 61. Allen asserts that she became disabled on January 22, 2015. She asserts that she became unable to work because of chronic back pain from degenerative disc disease, severe pain in the left shoulder from a rotator cuff tear, and arthritis. Tr. at 68.

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520 & 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i) & 416.920(a)(4)(i). If she is, the claimant is not disabled and the evaluation ends. 20 C.F.R. §§ 404.1520(a)(4)(i) & 416.920(a)(4)(i). If she is not, the Commissioner next considers the effect of all of the claimant's physical and mental impairments combined. 20 C.F.R. § 404.1520(a)(4)(ii) & 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. 20 C.F.R. § 404.1520(a)(4)(ii) & 416.920(a)(4)(ii). The decision depends upon the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the

analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii) & 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii) & 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found to be disabled without further consideration. 20 C.F.R. §§ 404.1520(a)(4)(iii) & 416.920(a)(4)(iii). If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made, and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e) & 416.920(e). RFC is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite her impairments. 20 C.F.R. § 404.1545(a).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) & 416.920(a)(4)(iv). If the claimant can still do her past relevant work, the claimant is not disabled and the evaluation stops. 20 C.F.R. §§ 404.1520(a)(4)(iv) & 416.920(a)(4)(iv). If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. 20 C.F.R. §§ 404.1520(a)(4)(iv) & 416.920(a)(4)(iv). Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience, in order to

determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) & 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v) & 416.920(a)(4)(v). The Commissioner bears the burden of demonstrating the existence of other jobs that the claimant can perform, and once that burden is met the claimant must prove her inability to perform those jobs in order to be found to be disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

Applying the sequential evaluation process, the ALJ found that the plaintiff has not been under a disability within the meaning of the Social Security Act from the date of onset through the date of his decision. Tr. at 29. The ALJ first determined that Allen meets the insured status requirements of the Social Security Act through December 31, 2020. Tr. at 21. He next found that the plaintiff has not engaged in substantial gainful activity since January 22, 2015, the alleged onset date. Tr. at 21. According to the ALJ, the plaintiff's "lumbar degenerative disc disease with intermittent radiculopathy, obesity, left (non-dominant) rotator cuff tear, chronic kidney disease, and arthritis" are considered "severe" based on the requirements set forth in the regulations. Tr. at 22. He further determined that Allen has nonsevere impairments of hypertension and cellulitis. Tr. at 22.

The ALJ found that Allen does not have an impairment or a combination of

4

impairments that either meets or medically equals any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. at 22–24. The ALJ determined that Allen's statements concerning the intensity, persistence, and limiting effects of her symptoms were "not entirely consistent with the medical evidence or other evidence in the record." Tr. at 25.

The ALJ then determined that the plaintiff has the RFC to perform sedentary work with certain limitations.

> She can never climb ladders, ropes or scaffolds or reach overhead with the non-dominant left upper extremity. She can never crawl or perform around work hazards. She can occasionally climb ramps or stairs, stoop, kneel, and crouch. She will require an option to change from an upright (standing or walking) posture to a seated posture as frequently as every 30 minutes and is able to perform work activity in either posture.

Tr. at 24.

Moving on to the fourth step of the analysis, the ALJ concluded that Allen is unable to perform her past relevant work as a bus operator. Tr. at 27. The ALJ considered the testimony of a vocational expert ("VE"), who testified that the plaintiff remains able to perform work as a surveillance system monitor, call out operator, and lens inserter. Tr. at 28. The ALJ concluded his findings by stating that the plaintiff is not disabled under Sections 216(i), 223(d), or 1614(a)(3)(A) of the Social Security Act. Tr. at 29.

## I. STANDARD OF REVIEW

This court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439–40 (11th Cir. 1997)). The court approaches the factual findings of the Commissioner with deference but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

Indeed, even if this court finds that the evidence preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## II. DISCUSSION

Allen alleges that the ALJ's decision should be reversed and remanded because: (1) the ALJ improperly disregarded the opinion of her treating physician, Dr. Emmanuel Odi; and (2) the ALJ did not properly evaluate the her complaints of pain under the Eleventh Circuit's pain standard. Doc. 7. The Commissioner asserts that the ALJ's assignment of little weight to Dr. Odi's opinion was proper because it did not correspond to the treatment records and other evidence. The Commissioner further asserts that the ALJ properly assessed the plaintiff's subjective complaints of pain. Doc. 8.

### 1. *Treating Physician's Opinion*

Medical opinions relevant to a Social Security claim are defined as

"statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what the [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(1) & 416.927(a)(1). It is well established under Eleventh Circuit law that the opinion, diagnosis, and medical evidence of the plaintiff's treating physician should be accorded substantial or considerable weight unless "good cause" is shown for not doing so. *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178–79 (11th Cir. 2011); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The weight to be afforded a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. §§ 404.1527 & 416.927(d).[2]

---

[2] The regulation set forth in 20 C.F.R. § 404.1527(c) notes that a treating doctor's opinion on "nature and severity" will be given "controlling weight" where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent" with other medical evidence and that the longer the treatment relationship has existed, the more weight the opinion is

Good cause exists for an ALJ not to give a treating physician's opinion substantial weight when the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) [the opinion] was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440); *see also Edwards v. Sullivan*, 937 F.2d 580, 583–84 (11th Cir. 1991) (holding that "good cause" exists where the opinion was contradicted by other notations in the physician's own record).

Opinions on whether a claimant is disabled, the claimant's RFC, and the application of vocational factors are not medical opinions, but are, instead, opinions on issues reserved to the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The court looks to the "doctors' evaluations of [the claimant's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Lewis*, 125 F.3d at 1440; *see also* 20 C.F.R. § 404.1527(d)(1) ("A statement by a medical source that you are disabled or unable to work does not mean that we will determine that you are disabled."). Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, because it is the ALJ who bears the responsibility of assessing a

---

entitled to receive.

claimant's RFC. *See, e.g.*, 20 C.F.R. § 404.1546(c). It follows that the opinions of reviewing, non-examining physicians, when contrary to those of examining physicians, are entitled to little weight. *Lamb v. Bowen*, 847 F.2d 698 (11th Cir.1988); *Sharfarz v. Bowen*, 825 F.2d 278 (11th Cir. 1987).

The ALJ "must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179. "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). When the ALJ fails to "state with at least some measure of clarity the grounds for his decision," the district court must decline to affirm "simply because some rationale might have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam). Without clarification of the ALJ's process for weighing the evidence, "to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Winschel*, 631 F.3d at 1179 (11th Cir. 2011) (internal quotation marks and citation omitted). The ALJ may ignore the opinion of the treating physician regarding disability only if the opinion is so brief and conclusory that it lacks persuasive weight or is unsupported by any

clinical or laboratory findings. *Wheeler v. Heckler*, 784 F.2d 1073 (11th Cir. 1986); *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

In this case, the plaintiff was treated for her back pain by Dr. Odi, her primary physician. He prepared a physical functional assessment form in February 2017, to which the ALJ accorded "little weight." The ALJ explained that the assessment "is a check-mark type form sent to him by the claimant's attorney shortly before the hearing and does not correspond to any treatment date[,] does not correspond to any assessment contained in the physician's treatment records, and does not correspond to the treatment records of the orthopedic specialists." Tr. at 27.

A review of the Dr. Odi's treatment notes confirms that the plaintiff never mentioned the limitations set forth in the checklist during her monthly visits with him. Beginning in 2015, Dr. Odi saw the plaintiff on the following dates: 1/22/15 (Tr. at 394–97); 3/23/15 (Tr. at 387–89); 4/21/15 (Tr. at 384–86); 6/24/15 (Tr. at 381–83); 7/7/15 (Tr. at 378–80); 8/11/15 (Tr. at 372–75); 9/10/15 (Tr. at 368–70); 10/8/15 (Tr. at 365–67); 11/9/15 (Tr. at 362–64); 12/9/15 (Tr. at 356–58); 1/11/16 (Tr. at 343–46); 2/10/16 (Tr. at 340–42); 3/9/16 (Tr. at 336–39), 4/12/16 (Tr. at 455–57); 5/12/16 (Tr. at 458–60); 6/9/16 (Tr. at 461–63); 7/7/16 (Tr. at 464–66); 8/8/16 (Tr. at 467–69); 9/8/16 (Tr. at 470–72); 10/10/16 (Tr. at 473–75); 11/9/16 (Tr. at 476–78); 12/7/16 (Tr. at 479–81); and 1/9/17 (Tr. at 482–83).

The plaintiff's consistent visits with Dr. Odi over several years underscore the weight to be given to his opinion. However, the treatment notes from these visits did not place any limitations on the plaintiff's ability to lift, push, walk, sit, or stand. None of his treatment notes advised the plaintiff to limit her exertion or opined that she was unable to work.[3] As the Commissioner points out, these limitations are not only inconsistent with Dr Odi's own treatment notes, but they also are inconsistent with the records of the orthopedic specialist, Dr. Mark Downey, to whom Dr. Odi referred the plaintiff. Dr. Downey found that the plaintiff had a moderately reduced range of motion in the lumbar spine and was positive for straight leg raise on the left. Tr. at 25 & 287. Dr. Downey also noted that Allen had a normal gait, full strength, and painless range of motion in her legs. Tr. at 287–88. Dr. Downey recommended steroid injections and physical therapy, and noted that the injections provided 50 to 60 percent pain relief. Tr. at 289–91, 328–44 & 435–38. Dr. Odi's ten-pound lifting limitation is inconsistent with the specialist's finding of full strength. Moreover, Dr. Odi's treatment notes do not reveal that he tested the plaintiff's strength, and therefore do not provide any support for the limitations set forth in his check-list opinion. In addition, while Dr. Odi opined that side effects of

---

[3] To the contrary, the physician's notes indicate that the plaintiff was able to perform the exercises given to her with some modifications, but that he counseled her to exercise and to lose weight.

her medication may distract her from working, the treatment notes do not contain any references to complaints regarding these side effects for any of her medications.

The ALJ articulated specific, valid reasons for assigning little weight to Dr. Odi's check-list opinion. The record shows that the opinion from Dr. Odi is inconsistent with his own treatment letters and is not supported by other medical evidence in the record. In addition, the assessment is conclusory and reflects the doctor's assessment of the plaintiff's RFC. It is not a medical opinion, but is an opinion regarding disability that lies within the exclusive province of the ALJ. Accordingly, the motion to remand on the basis that the ALJ improperly weighed Dr. Odi's opinion is due to be denied.

### 2. *Pain Standard*

Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). To establish disability based upon pain and other subjective symptoms, "[t]he pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d

1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

The ALJ is permitted to discredit the claimant's subjective testimony of pain and other symptoms if he articulates reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* SSR 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements.").[4] Although the Eleventh Circuit does not require explicit findings as to credibility, "'the implication must be obvious to the reviewing court.'" *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). "[P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but it cannot be a "broad rejection," which is "not enough to enable [the district court] to conclude that [the ALJ] considered her medical condition as a whole." *Id*. (internal quotations omitted).

In this case, the ALJ specifically stated that the plaintiff's lumbar degenerative

---

[4] SSR 96-7p has been superseded by SSR 16-3p, which took effect in March of 2016. The new regulation removes the term "credibility" from the policy, and clarifies that "subjective symptom evaluation is not an examination of an individual's character." SSR16-3p, 2016 WL 1119029 at *1. The plaintiff does not assert that the newer regulation was not properly applied here, and a careful review of the ALJ's decision indicates that there was no examination of character that played a role in the application of the pain standard.

14

disc disease with intermittent radiculopathy, obesity, left (non-dominant) rotator cuff tear, chronic kidney disease, and arthritis were severe impairments. He stated that he considered the plaintiff's nonsevere impairments independently and in combination with her severe impairments, and found they were not disabling. The ALJ's decision that Allen was not disabled was supported by his negative assessment of her credibility. He stated that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at 25.

The ALJ, to support his finding that the plaintiff is not as limited as she claims, first referred to the medical records that demonstrate only "mild degenerative disc changes," "full 5/5 strength of the extremities," and "no significant nerve root involvement." Tr. at 26. The ALJ further pointed to evidence that Allen was able to tolerate her physical therapy regime, with some modifications, with only "mild to moderate complaints of pain and difficulty." Tr. at 26. The ALJ further noted that while the plaintiff "testified her medications made her sleepy," the medical records contained no complaints of this medication side effect. Tr. at 26. The ALJ also stated that the plaintiff's own account of her activities of daily living were not "limited to the extent one would expect, given her complaints of debilitating impairments, pain, medication side effects and physical limitations." Tr. at 26.

15

This record establishes that the ALJ appropriately considered the plaintiff's subjective complaints of pain and articulated sufficient and appropriate reasons for finding that her testimony was not entirely consistent with the medical evidence. Having considered the ALJ's opinion and the evidence presented, the court finds that the ALJ's decision to discredit the plaintiff's allegations regarding pain and limitations was based on substantial evidence and that he applied the correct legal standards. Accordingly, the matter is due to be affirmed as to this ground raised by the plaintiff.

## III. CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge concludes that the Commissioner's decision is supported by substantial evidence and that the decision applied the correct legal standards. Accordingly, the decision is due to be AFFIRMED.

A final judgment will be entered separately.

DONE and ORDERED on September 4, 2019.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE